ALEXANDER B. TRUEBLOOD (TX Bar No. 24100609)
TRUEBLOOD LAW FIRM
700 Lavaca Street, Suite 1400
Austin, TX 78701-3102
Telephone:  (512) 537-0388
Facsimile:  (512) 582-8516
Email: alec@hush.com

Attorneys for Plaintiff
RONALD MENDLESKI

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| RONALD MENDLESKI, | Case No:  4:17-CV-1443 |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR:** |
| vs. | **(1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** |
| LOBEL FINANCIAL CORPORATION, RYAN PECK DBA SUPERIOR AUTO RECOVERY, and BURNS NATIONAL, LLC, | **(2) VIOLATIONS OF THE UNIFORM COMMERCIAL CODE** |
| | **(3)  BREACH OF CONTRACT** |
| Defendants. | **(4) VIOLATIONS OF THE TEXAS MOTOR VEHICLE INSTALLMENT SALES ACT** |

Plaintiff Ronald Mendleski hereby complains against defendants Ryan Peck dba Superior Auto Recovery ("Superior"), Burns National, LLC ("Burns"), and Lobel Financial Corporation ("Lobel"), and alleges on information and belief as follows:

## OPERATIVE FACTS

1. Plaintiff purchased a vehicle from Champion Auto Sales, an auto dealer located in Corpus Christi, Texas, primarily for personal, family or household use, and signed a retail installment sales contract which gave the dealership a security interest in the vehicle. The dealership assigned the retail installment sale contract and security interest to defendant Lobel. Plaintiff subsequently fell behind on the contract payments.

2. Defendant Lobel hired defendant Burns as its agent to repossess plaintiff's vehicle. Defendant Burns then hired defendant Superior as its agent, to physically take the car.  Superior repossessed plaintiff's vehicle by entering plaintiff's secured and gated apartment complex, without permission. Accordingly, defendants breached the peace during the repossession, in violation of Texas Bus. & Commerce Code § 9.609(b)(2).

3. On or about December 3, 2016, Defendant Lobel mailed plaintiff a written notice of sale ("NOI"), dated December 2, 2016, which stated that plaintiff's vehicle would be sold sometime after December 18, 2016, and that plaintiff could reinstate his contract within 15 days of the date of the notice. However, plaintiff is informed and believes that defendant Lobel sold plaintiff's vehicle on or before December 18, 2016, the date guaranteed in the NOI. Defendant Lobel therefore did not give reasonable notice of the sale, failed to conduct a commercially reasonable sale, and deprived plaintiff of his right to reinstate and redeem the collateral, all in violation of Texas Bus. & Commerce Code §§ 9.610(b), 9.611(b), 9.612(a), and 9.623.

4. Defendant Lobel sold plaintiff's vehicle, and assessed plaintiff a

1

deficiency balance of $4,639.21.  Lobel then sent plaintiff an explanation of the deficiency, which violated Texas Bus. & Comm. Code § 9.616(b)(1) in the following ways:

    (a) in violation of Texas Bus. & Comm. Code § 9.616(c)(1), the notice disclosed a rebate of unearned interest out of the statutorily mandated order, i.e. after the amount of sales proceeds and amount owing after application of the sales proceeds, instead of before;

    (b) in violation of Texas Bus. & Comm. Code § 9.616(c)(5), the notice disclosed a GAP finance charge rebate out of the statutorily mandated order, i.e. before instead of after the types and amounts of expenses associated with selling the vehicle.

    (c) in violation of Texas Bus. & Comm. Code § 9.616(c)(5), the notice failed to disclose that plaintiff was entitled to a credit for the unearned premiums on his canceled GAP insurance contract.

    5.    As a result of the above UCC violations, plaintiff does not owe defendant Lobel a deficiency balance, by operation of Texas Bus. & Comm. Code § 9.626(b).  Plaintiff is also entitled to damages and statutory damages pursuant to Texas Bus. & Comm. Code § 9.625(b) and (c).

    6.    Plaintiff had personal possessions in the vehicle.  In violation of Texas Occupations Code § 2303.151, defendant Superior failed to mail plaintiff a notice by certified mail, stating the information required by Tex. Occup. Code § 2303.153, including the amounts of storage and other charges plaintiff would have to pay when the vehicle was claimed, and the location of the storage facility.

    7.    In violation of Texas Finance Code § 348.407 (and in breach of contract), defendant Lobel failed to issue plaintiff a written notice within 15 days of discovering that there was personal property in the vehicle, informing plaintiff of the address and business hours of the entity who was storing plaintiff's possessions, so he could reclaim them. Lobel falsely disclosed to plaintiff in its NOI, that

defendant Burns was storing the vehicle in Michigan, when in fact defendant Superior or some other entity had custody of the vehicle, and plaintiff's possessions, in Texas.

### JURISDICTION AND VENUE

8.  The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d).  The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9.  Venue is proper in the Southern District of Texas because a substantial part of the events or omissions giving rise to the claim occurred in this district, and defendants are subject to the court's personal jurisdiction in this district.

### PARTIES

10.  Plaintiff is a natural person over the age of 18 years and is a resident of Corpus Christi, Texas.

11.  Defendant Ryan Peck is an individual who does business as Superior Auto Recovery, and plaintiff is informed and believes he is a resident of Corpus Christi, Texas.

12.  Defendant Burns National, LLC is a Michigan limited liability company with its headquarters in Hudsonville, Michigan.

13.  Defendant Lobel Financial Corporation is a California corporation with its headquarters in Anaheim, California.

14.  At all times mentioned herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment.  The defendants are jointly and severally liable to plaintiff.

### FIRST CAUSE OF ACTION
**(Against Defendants Superior and Burns for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.).**

15.  Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

16. Plaintiff is a "consumer" who allegedly owed a "debt", and defendants are "debt collectors", as those terms are defined at 15 U.S.C. § 1692a. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

17. Defendants violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement.

18. Defendants had no present right to repossess plaintiff's vehicle in breach of the peace, but did so in violation of Texas Bus. & Commerce Code § 9.609(b)(2).

19. Plaintiff is entitled to actual damages sustained as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

20. Plaintiff is entitled to statutory damages of $1,000 against each defendant, pursuant to 15 U.S.C. § 1692k. Defendants have frequently and persistently failed to comply with the FDCPA, and have violated the FDCPA intentionally. The nature of defendants' violations justifies the maximum statutory damages award available.

21. Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
**(Against Defendant Lobel for Violations of the Uniform Commercial Code)**

22. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

23. Defendant violated Texas Bus. & Commerce Code §§ 9609(b),

9.610(b), 9.611(b), 9.612(a), 9616, and 9.623, as set forth above.

24. Plaintiff is entitled to recover the actual damages caused by defendant's failure to comply with the Uniform Commercial Code, pursuant to Texas Bus. & Commerce Code §§ 9.625(b) and (c)(1).

25. Plaintiff is entitled to recover the credit service charge plus ten percent of the principal amount of the obligation, pursuant to Texas Bus. & Commerce Code § 9.625(c)(2).

26. Plaintiff is entitled to an injunction pursuant to Texas Bus. & Commerce Code §§ 9.625(a), to restrain defendant from collecting any deficiency balance from plaintiff, including making any credit reporting that plaintiff owes a deficiency or that his account has been charged off.

27. By repossessing plaintiff's vehicle in breach of the peace, defendants also breached the terms of the retail installment sales contract. Plaintiff is entitled to recover attorneys fees and costs pursuant to the terms of the contract, and applicable law, including Texas Civil Practice And Remedies Code § 38.001(8).

WHEREFORE, plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION
**(Against Defendant Lobel for Breach of Contract)**

28. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

29. In its written contract with plaintiff, Lobel's assignor promised that if plaintiff defaulted, "We may immediately take possession of the property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises." Defendant Lobel breached this promise when it breached the peace during the repossession, and unlawfully entered onto plaintiff's premises.

30. In its written contract with plaintiff, Lobel's assignor promised that if it retook possession of the vehicle, "You agree that if any notice is required to be

5

given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least ten days before the date of the intended sale or transfer (or such other period of time as is required by law." Defendant Lobel breached this promise when it failed to give at least ten days notice of the sale, and failed to permit the period of time required by law to elapse, before selling the vehicle.

31. In its written contract with plaintiff, Lobel's assignor promised that "You agree that we may take possession of personal property left in or on the Property securing the Contract and taken into possession as provided above. We will send you written notice at your last known address within 15 days of our discovery of such personal property. If you fail to claim that property as provided in the notice, we may dispose of that property and disburse the proceeds, according to applicable law." Defendant breached this promise when it failed to send plaintiff written notice of the location of his personal items, within 15 days of discovering that personal property had been recovered.

32. As a proximate result of defendant's breach of contract, plaintiff has suffered damages, and is entitled to recover them from defendant.

33. Plaintiff is entitled to recover attorneys fees and costs pursuant to Texas Civil Practice And Remedies Code § 38.001(8).

### FOURTH CAUSE OF ACTION
**(Against Defendant Lobel For Violations Of The Texas Motor Vehicle Installment Sales Act, Texas Fin. Code § 348.001 et seq.)**

34. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

35. Defendant violated Texas Finance Code § 348.407, by failing to issue plaintiff a notice within 15 days of discovering that there was personal property in the vehicle, which informed plaintiff of the information required by that section.

36. Plaintiff is entitled to recover three times his actual economic loss caused by defendant's violations, pursuant to Texas Finance Code § 349.003(a)(1).

6

37. Plaintiff is entitled to reasonable attorneys' fees, pursuant to Texas Finance Code § 349.003(b).

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages, including economic harm and mental anguish;
2. For statutory damages;
3. For treble damages;
4. For injunctive relief;
5. For pre-judgment interest to the extent permitted by law;
6. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
7. For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury under the United States and Texas constitutions.

Dated: June 1, 2017

Respectfully Submitted,

TRUEBLOOD LAW FIRM

By:     /s/
       Alexander B. Trueblood

Attorney-In-Charge for Plaintiff
RONALD MENDLESKI

TX Bar No. 24100609
SD TX Bar No. 2789549
700 Lavaca Street, Suite 1400
Austin, TX 78701-3102
Telephone: (512) 537-0388
Facsimile: (512) 582-8516