UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONDALD MENDLESKI § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | | Civil Action No. 4:17-CV-1443 |
| § | | |
| LOBEL FINANCIAL CORPORATION, § | | |
| RYAN PECK DBA SUPERIOR AUTO § | | |
| RECOVERY, and BURNS NATIONAL, § | | JURY DEMANDED |
| LLC § | | |
| § | | |
| Defendants. § | | |
| § | | |

### DEFENDANT BURNS NATIONAL, LLC'S ORIGINAL ANSWER

DEFENDANT BURNS NATIONAL LLC ("BURNS"), by and through its undersigned counsel and by way of Original Answer to Plaintiff's First Amended Complaint in this matter, does hereby state as follows:

### I.
### RULE 12(b) MOTION TO DISMISS

1.1   DEFENDANT BURNS asserts the following defenses and moves to dismiss Plaintiff's action pursuant to Federal Rule of Civil Procedure 12(b) and reserves the right to amend as additional information becomes available.

1.2   The Court lacks subject matter jurisdiction based on a federal question under 15 U.S.C. § 1692d of the Fair Debt Collection Practices Act ("FDCPA") as alleged in Paragraph 8 of the First Amended Petition because DEFENDANT BURNS is not a "debt collector" under 15 U.S.C. § 1692a or for purposes of 15 U.S.C. § 1692f(6) of the FDCPA as alleged in Paragraphs

1

16 and 17 of the First Amended Complaint and therefore, the FDCPA does not apply to DEFENDANT BURNS. FED. R. CIV. P. 12(b)(1); 28 U.S.C.§ 1331

1.3     The Court further lacks subject matter jurisdiction because there is not complete diversity and the amount in controversy does not exceed $75,000, exclusive of interest and costs. FED. R. CIV. P. 12(b)(1); 28 U.S.C.§ 1332(a).

1.4     Plaintiff has failed to state a claim upon which relief can be granted because DEFENDANT BURNS is not a "debt collector" under 15 U.S.C. § 1692a or for purposes of 15 U.S.C. § 1692f(6) of the FDCPA as alleged in Paragraphs 16 and 17 of the First Amended Complaint and therefore, the FDCPA does not apply to DEFENDANT BURNS. FED. R. CIV. P. 12(b)(6).

1.5     Subject to and without waiving its Motion to Dismiss, DEFENDANT BURNS submits the following Answer and Affirmative Defenses to the allegations in the Plaintiff's First Amended Complaint:

## II.
## ORIGINAL ANSWER

### OPERATIVE FACTS

2.1     DEFENDANT BURNS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1 of the First Amended Complaint.

2.2     DEFENDANT BURNS admits that LOBEL hired DEFENDANT BURNS and that DEFENDANT BURNS then hired SUPERIOR as alleged in Paragraph 2 of the First Amended Complaint. The remaining allegations in Paragraph 2 do not apply to DEFENDANT BURNS. Alternatively, and to the extent applicable, DEFENDANT BURNS denies the remaining allegations in Paragraph 2.

2.3     The allegations in Paragraph 3 of the First Amended Complaint do not apply to DEFENDANT BURNS.  Alternatively, and to the extent applicable, DEFENDANT BURNS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 3 with regard to any alleged written of sale mailed to Plaintiff or any alleged sale of Plaintiff's vehicle. DEFENDANT BURNS otherwise denies the remaining allegations in Paragraph 3.

2.4     The allegations in Paragraph 4 of the First Amended Complaint do not apply to DEFENDANT BURNS.  Alternatively, and to the extent applicable, DEFENDANT BURNS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 4 with regard to any alleged sale of the Plaintiff's vehicle or any alleged assessment of a deficiency balance.  DEFENDANT BURNS otherwise denies the remaining allegations in Paragraphs 4 and 4(a)-4(c).

2.5     The allegations in Paragraph 5 of the First Amended Complaint do not apply to DEFENDANT BURNS.  Alternatively, and to the extent applicable, DEFENDANT BURNS denies the allegations in Paragraph 5.

2.6     The allegations in Paragraph 6 of the First Amended Complaint do not apply to DEFENDANT BURNS.  Alternatively, and to the extent applicable, DEFENDANT BURNS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 6 with regard to Plaintiff's alleged personal possession of the vehicle in question.  DEFENDANT BURNS otherwise denies the remaining allegations in Paragraph 6.

2.7     The allegations in Paragraph 7 of the First Amended Complaint do not apply to DEFENDANT BURNS.  Alternatively, and to the extent applicable, DEFENDANT BURNS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 7 with regard to any disclosures made by Lobel or the custody of Plaintiff's vehicle and possessions.

## JURISDICTION AND VENUE

2.8     DEFENDANT BURNS denies the allegations in Paragraph 8 of the First Amended Complaint.

2.9     DEFENDANT BURNS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 9 of the First Amended Complaint.

2.10    DEFENDANT BURNS admits the allegations in Paragraph 10 of the First Amended Complaint.

2.11    DEFENDANT BURNS admits the allegations in Paragraph 11 of the First Amended Complaint.

2.12    DEFENDANT BURNS admits the allegations in Paragraph 12 of the First Amended Complaint.

2.13    DEFENDANT BURNS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 13 of the First Amended Complaint.

2.14    DFENDANT BURNS denies the allegations in Paragraph 14 of the First Amended Complaint.

## FIRST CAUSE OF ACTION
### (Against Defendants Superior and Burns for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)

2.15    With regard to the allegations in Paragraph 15 of the First Amended Complaint, DEFENDANT BURNS re-alleges and incorporates herein by reference its answers stated above in this Original Answer.

2.16    DEFENDANT BURNS denies the allegations in Paragraph 16 of the First Amended Complaint.

2.17 DEFENDANT BURNS denies the allegations in Paragraph 17 of the First Amended Complaint.

2.18 DEFENDANT BURNS denies the allegations in Paragraph 18 of the First Amended Complaint.

2.19 DEFENDANT BURNS denies the allegations in Paragraph 19 of the First Amended Complaint.

2.20 DEFENDANT BURNS denies the allegations in Paragraph 20 of the First Amended Complaint.

2.21 DEFENDANT BURNS denies the allegations in Paragraph 21 of the First Amended Complaint.

**SECOND CAUSE OF ACTION**
**(Against Defendant Lobel for Violations of the Uniform Commercial Code)**

2.22 With regard to the allegations in Paragraph 22 of the First Amended Complaint, DEFENDANT BURNS re-alleges and incorporates herein by reference its answers stated above in this Original Answer.

2.23 The allegations in Paragraph 23 of the First Amended Complaint do not apply to DEFENDANT BURNS. Alternatively, and to the extent the applicable, DEFENDANT BURNS denies the allegations in Paragraph 23.

2.24 The allegations in Paragraph 24 of the First Amended Complaint do not apply to DEFENDANT BURNS. Alternatively, and to the extent applicable, DFENDANT BURNS denies the allegations in Paragraph 24.

2.25 The allegations in Paragraph 25 of the First Amended Complaint do not apply to DEFENDANT BURNS. Alternatively, and to the extent applicable, DEFENDANT BURNS denies the allegations in Paragraph 25.

2.26    The allegations in Paragraph 26 of the First Amended Complaint do not apply to DEFENDANT BURNS.  Alternatively, and to the extent applicable, DEFENDANT BURNS denies the allegations in Paragraph 26.

2.27    The allegations in Paragraph 27 of the First Amended Complaint do not apply to DEFENDANT BURNS.  Alternatively, and to the extent applicable, DEFENDANT BURNS denies the allegations in Paragraph 27.

## THIRD CAUSE OF ACTION
### (Against Defendant Lobel for Breach of Contract)

2.28    With regard to the allegations in Paragraph 28 of the First Amended Complaint, DEFENDANT BURNS re-alleges and incorporates herein by reference its answers stated above in this Original Answer.

2.29    The allegations in Paragraph 29 of the First Amended Complaint do not apply to DEFENANT BURNS.  Alternatively, and to the extent applicable, DEFENDANT BURNS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 29 with regard to the written contract in question.  DEFENDANT BURNS otherwise denies the remaining allegations in Paragraph 29.

2.30    The allegations in Paragraph 30 of the First Amended Complaint do not apply to DEFENDANT BURNS.  Alternatively, and to the extent applicable, DEFENDANT BURNS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 30 with regard to the written contract in question.  DEFENDANT BURNS otherwise denies the remaining allegations in Paragraph 30.

2.31    The allegations in Paragraph 31 of the First Amended Complaint do not apply to DEFENDANT BURNS.  Alternatively, and to the extent applicable, DEFENDANT BURNS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 31 with

regard to the written contract in question. DEFENDANT BURNS otherwise denies the remaining allegations in Paragraph 31.

2.32 The allegations in Paragraph 32 of the First Amended Complaint do not apply to DEFENDANT BURNS. Alternatively, and to the extent applicable, DEFENDANT BURNS denies the allegations in Paragraph 32.

2.33 The allegations in Paragraph 33 of the First Amended Complaint do not apply to DEFENDANT BURNS. Alternatively, and to the extent applicable, DEFENDANT BURNS denies the allegations in Paragraph 33.

## FOURTH CAUSE OF ACTION
**(Against Defendant Lobel for Violation of the Texas Motor Vehicle Installment Sales Act, Texas Fin. Code§ 348.001 et eq.) )**

2.34 With regard to the allegations in Paragraph 34 of the First Amended Complaint, DEFENDANT BURNS re-alleges and incorporates herein by reference its answers stated above in this Original Answer.

2.35 The allegations in Paragraph 35 of the First Amended Complaint do not apply to DEFENDANT BURNS. Alternatively, and to the extent applicable, DEFENDANT BURNS denies the allegations in Paragraph 35.

2.36 The allegations in Paragraph 36 of the First Amended Complaint do not apply to DEFENDANT BURNS. Alternatively, and to the extent applicable, DEFENDANT BURNS denies the allegations in Paragraph 36.

2.37 The allegations in Paragraph 37 of the First Amended Complaint do not apply to DEFENDANT BURNS. Alternatively, to the extent applicable, DEFENDANT BURNS denies the allegations in Paragraph 37.

2.38    DEFENDANT BURNS denies that Plaintiff is entitled to the relief sought in the Prayer for Relief.

## III.
## AFFIRMATIVE DEFENSES

3.1    The FDCPA does not apply to DEFENDANT BURNS because DEFENDANT BURNS is an asset recovery agency and does not qualify as a "debt collector" under 15 U.S.C. § 1692(a) nor does enforcement of a security interest constitute "debt collection."

3.2    The FDCPA does not apply to DEFENDANT BURNS as an alleged constructive bailee based on the inadvertent acquisition of personal property.

3.3    DEFENDANT BURNS denies any violation of the FDCPA because it did not effect a dispossession or disablement of non-exempt property to which it had no present right to possession as claimed collateral through an enforceable security interest.

3.4    DEFENDANT BURNS specifically denies any violation of the FDCPA, however, to the extent there was any violation, such violation was not intentional and resulted from a bona fide error despite the maintenance of procedures reasonably adapted to avoid any such error pursuant to 15 USCS § 1692k(c).

3.5    Plaintiffs' alleged damages, if any, were proximately caused by, or were the result of, the negligence, intentional acts, and/or breaches of duties by third parties over whom DEFENDANT BURNS had no control or for whom DEFENDANT BURNS had no responsibility.

3.6    DEFENDANT BURNS specifically denies that it has any liability to Plaintiff, however, in the unlikely event DEFENDANT BURNS is found liable, DEFENDANT BURNS is entitled to full indemnity and/or contribution and/or credit and/or offset from all parties, settled persons, designated responsible third parties, or defendants, as the case may be, in an amount and

to an extent to be determined on the basis of the negligence or breaches of duty of such persons as found by the trier of fact and as provided by Chapters 32 and 33 of the Texas Civil Practices and Remedies Code and any other applicable law.

## IV.
## JURY DEMAND

4.1   DEFENDANT BURNS demands a jury trial on all issues to be tried in this matter.

## PRAYER

WHEREFORE, DEFENDANT BURNS NATIONAL LLC respectfully requests that the Court dismiss Plaintiff's claims against it with prejudice, that Plaintiff take nothing, and that DEFENDANT BURNS NATIONAL LLC be awarded its attorney's fees and costs in this action, along with such other relief as the Court deems just and proper.

Respectfully submitted,

BINGHAM, MANN & HOUSE

BY:___/s/ Bradley M. Bingham_____
    BRADLEY M. BINGHAM
    Attorney-in-Charge
    State Bar No. 02322400
    S.D. Tex. Bar No. 838
    4500 Yoakum Boulevard
    Houston, TX 77006
    Tel.: (713) 357-9870
    Fax:  (713) 559-3060
    bbingham@bmh-law.com
    ATTORNEY-IN-CHARGE FOR
    DEFENDANT BURNS NATIONAL, LLC

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record electronically via CM/ECF for the United States District Court for the Southern District of Texas in accordance with the Federal Rules of Civil Procedure and Local Rule LR5 on July 21, 2017, as follows:

Alexander Trueblood
700 Lavaca St., Suite 1400
Austin, Texas 78701-3102
Email: alec@hush.com
ATTORNEY-IN-CHARGE FOR PLAINTIFF


Ronald E. Holub
Ronald E. Holub Attorney at Law P.C.
4144 N. Central Expressway #600
Dallas, Texas 75204
Email: rehpc@flash.net
ATTORNEY FOR DEFENDANT
LOBEL FINANCIAL CORPORATION


                                                 _____/s/ Bradley M. Bingham_____
                                                    BRADLEY M. BINGHAM